UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY LONG,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTHENTIC ATHLETIX LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-03129-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 43 |

This breach of contract action arises out of Plaintiff Joey Long's alleged oral agreement with Defendants sports agents Authentic Athletix LLC and Peter Schaffer to pay Plaintiff for recruiting NFL players to be represented by Defendants. (Dkt. No. 1.) The gravamen of the complaint is that the parties entered into an oral agreement in June 2010 whereby Plaintiff would recruit NFL players to sign National Football League Association Standard Representation Agreements with Defendants in exchange for a portion of Defendants' commission. There is no dispute that at the time of the oral agreement, Authentic Athletix was not yet formed and Schaffer worked for a different sports agency.

Now pending before the Court is Defendants' Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. (Dkt. No. 43.) After carefully considering the parties' written submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendants' motion to dismiss with leave to amend. Defendants contend that (1) Plaintiff brings his claims against the wrong parties as Plaintiff should have sued the agency that used to employ Schaffer; and (2) the oral agreement could not have been performed within one year of June 2010 and thus the Statute of Frauds renders the agreement unenforceable. In his opposition, instead of contending that the complaint states a claim as written, Plaintiff alleges that

1  the June 2010 agreement was voided and the parties instead negotiated and entered into a new oral
2  agreement in September 2011—once Schaffer had formed Authentic Athletix—which they
3  subsequently discussed via email. (*See* Dkt. No. 47 at 4-5.) Plaintiff also cites documents
4  submitted in connection with briefing on Defendants' motion to dismiss for lack of jurisdiction to
5  support his allegations. (*See id.*) These allegations do not appear in the complaint, and the Court
6  does not consider new facts alleged in a plaintiff's opposition to a motion to dismiss that are not in
7  the pleading itself. *See Broam v. Bogan*, 320 F.3d 1023, 1026 (9th Cir. 2003) (citation omitted).
8  Nor can the Court consider the documents on a Rule 12(b)(6) motion, as they are not incorporated
9  by reference in the complaint. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)
10 (citing Fed. R. Civ. P. 23(b)). Accordingly, the motion to dismiss is GRANTED. Plaintiff shall
11 have leave to amend the complaint to allege the theory of breach alleged in his opposition.
12 Plaintiff must file an amended complaint by **December 29, 2016**.

13     Defendants must answer or otherwise respond to the amended complaint by **January 26,**
14 **2017**. Should they move to dismiss the amended complaint, the Court reminds Defendants of their
15 obligation to follow the Local Rules, which only permit 28 double-spaced lines in 12-point font in
16 the body of papers filed with the Court. *See* N.D. Cal. Civ. L.R. 3-4(c)(2). In addition,
17 Defendants attached two documents to their motion to dismiss: Authentic Athletix's articles of
18 incorporation and a copy of the NFL's Collective Bargaining Agreement. (Dkt. Nos. 43-1, 43-2.)
19 When ruling on a 12(b)(6) motion to dismiss, a court ordinarily may not consider evidence outside
20 the pleadings without converting the motion into a Rule 56 motion for summary judgment.
21 *Ritchie*, 342 F.3d at 908. The court may take judicial notice of material that is submitted as part of
22 the complaint or is necessarily relied upon by the complaint, as well as matters of public record.
23 *Lee v. City of Los Angeles*, 250 F.3d 668, 688-889 (9th Cir. 2001); Fed. R. Evid. 201. If
24 Defendants would like the Court to consider documents outside the pleadings in connection with
25 their motion to dismiss the amended complaint, they must file a Request for Judicial Notice stating
26 the grounds for consideration.

27     In addition, the case management conference previously set for December 22, 2016 is
28 rescheduled to **February 23, 2017** at 2:00 p.m.

1   This Order terminates Docket No. 43.

2   **IT IS SO ORDERED.**

3   Dated: December 13, 2016

                                                                                           _____
                                                                                           JACQUELINE SCOTT CORLEY
                                                                                           United States Magistrate Judge