1

2

3

4              UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7    JOEY LONG,                          Case No. 16-cv-03129-JSC

8              Plaintiff,
                                         **PROPOSED JURY INSTRUCTIONS**
9         v.

10   AUTHENTIC ATHLETIX LLC, et al.,

11             Defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

United States District Court
Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

1

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

# RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

 In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case, if any;

5.     the witness's bias or prejudice, if any;

6.     whether other evidence contradicted the witness's testimony;

7.     the reasonableness of the witness's testimony in light of all the evidence; and

8.     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**PLAINTIFF'S CLAIMS**

Joey Long brings claims against Authentic Athletix, LLC and Peter Schaffer for Breach of Contract and Money Had and Received.  Joey Long has the burden of proving these claims.  I will now describe these claims to you.

United States District Court
Northern District of California

# CONTRACT FORMATION

Before describing to you the elements of a cause of action for breach of contract, I will first describe the essential factual elements of contract formation.

Joey Long claims that the parties entered into a contract.  To prove that a contract was created, Joey Long must prove all of the following:

1.    That the contract terms were clear enough that the parties could understand what each was required to do;

2.    That the parties agreed to give each other something of value (a promise to do something or not to do something may have value); and

3.    That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, form the words and conduct of each party, that there was an agreement.  You may not consider the parties' hidden intentions.

If Joey Long did not prove all of the above, then a contract was not created.

1

**BREACH OF CONTRACT**

2   To recover damages from Authentic Athletix, LLC and/or Peter Schaffer for breach of

3   contract, Joey Long must prove all of the following:

4       1.   That Joey Long and Authentic Athletix, LLC and/or Peter Schaffer entered into a

5            contract;

6       2.   That Joey Long did all, or substantially all, of the significant things that the

7            contract required him to do;

8       3.   That Authentic Athletix, LLC and/or Peter Schaffer failed to do something that the

9            contract required them to do;

10      4.   That Joey Long was harmed; and

11      5.   That Authentic Athletix, LLC and/or Peter Schaffer's breach of contract was a

12           substantial factor in causing Joey Long's harm.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**ORAL OR WRITTEN CONTRACT TERMS**

Contracts may be written or oral, or partly written and partly oral.  Oral contracts are just as valid as written contracts.

**IMPLIED-IN-FACT CONTRACT**

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all the circumstances of the case.

Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract.

United States District Court
Northern District of California

1

## CONTRACT FORMATION—ACCEPTANCE

2     Both an offer and acceptance are required to create a contract.  Authentic Athletix, LLC

3 and Peter Schaffer contend that a contract was not created because the offer was never accepted.

4 To overcome this contention, Joey Long must prove both of the following:

5     1.     That Authentic Athletix, LLC and/or Peter Schaffer agreed to be bound by the

6           terms of the offer.  If Authentic Athletix, LLC and/or Peter Schaffer agreed to be

7           bound only on certain conditions, or if Authentic Athletix, LLC and/or Peter

8           Schaffer introduced a new term into the bargain, then there was no acceptance; and

9     2.     That Authentic Athletix, LLC and/or Peter Schaffer communicated their agreement

10          to Joey Long.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CONTRACT FORMATION—ACCEPTANCE BY SILENCE**

Ordinarily, if a party does not say or do anything in response to another party's offer, then he or she has not accepted the offer. However, if Joey Long proves that he and Authentic Athletix, LLC and/or Peter Schaffer understood silence or inaction to mean that Authentic Athletix, LLC and/or Peter Schaffer accepted Joey Long's offer, then there was an acceptance.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNFORMALIZED AGREEMENT**

Authentic Athletix, LLC and Peter Schaffer contend that the parties did not enter into a contract because they had not signed a final written agreement. To prove that a contract was created, Joey Long must prove both of the following:

1.      That the parties understood and agreed to the terms of the agreement; and

2.      That the parties agreed to be bound before a written agreement was completed and signed.

**MONEY HAD AND RECEIVED**

Joey Long claims that Authentic Athletix, LLC and/or Peter Schaffer owe him money.  To establish this claim, Joey Long must prove all of the following:

1. That Authentic Athletix, LLC and/or Peter Schaffer received money that was intended to be used for the benefit of Joey Long;

2. That the money was not used for the benefit of Joey Long; and

3. That Authentic Athletix, LLC and/or Peter Schaffer have not given the money to Joey Long.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**AFFIRMATIVE DEFENSES**

Authentic Athletix, LLC and Peter Schaffer deny Joey Long's claims and also assert an affirmative defense of Statute of Limitations.  Authentic Athletix, LLC and Peter Schaffer have the burden of proof on this affirmative defense.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### STATUTE OF LIMITATIONS

Authentic Athletix, LLC and Peter Schaffer contend that Joey Long's lawsuit was not filed within the time set by law to sue for breach of an oral agreement.  To succeed on this defense, Authentic Athletix, LLC and Peter Schaffer must prove that Joey Long's claimed harm occurred before June 8, 2014 for any oral agreement.

To succeed on this affirmative defense, Defendants must prove that the agreement was not founded upon an instrument in writing, and that the agreement was breached before June 8, 2014. A contract is founded upon an instrument in writing if the writing contains the material terms of the agreement and it is accepted by the defendant—either orally, by performance, or by evidence that the defendant prepared the written instrument and offered to perform its terms.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### INTRODUCTION TO CONTRACT DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you decide that Joey Long has proved his claim against Authentic Athletix, LLC and/or Peter Schaffer for breach of contract, you also must decide how much money will reasonably compensate Joey Long for the harm caused by the breach.  This compensation is called "damages."  The purpose of such damages is to put Joey Long in as good a position as he would have been if Authentic Athletix, LLC and/or Peter Schaffer had performed as promised.

To recover damages for any harm, Joey Long must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as a result of the breach of contract.

Joey Long also must prove the amount of his damages according to the following instructions.  He does not have to prove the exact amount of damages.  But you must not speculate or guess in awarding damages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### OBLIGATION TO PAY MONEY ONLY

To recover damages for the breach of a contract to pay money, Joey Long must prove the amount due under the contract.

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it (although I have no information that there will be news reports about this case); do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

**NO TRANSCRIPT AVAILABLE TO JURY**

2          I urge you to pay close attention to the trial testimony as it is given.  During deliberations

3    you will not have a transcript of the trial testimony.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

1

**DUTY TO DELIBERATE**

2        Before you begin your deliberations, elect one member of the jury as your presiding juror.

3  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury

4  in court.

5        You shall diligently strive to reach agreement with all of the other jurors if you can do so.

6  Your verdict must be unanimous.

7        Each of you must decide the case for yourself, but you should do so only after you have

8  considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

9        It is important that you attempt to reach a unanimous verdict but, of course, only if each of

10  you can do so after having made your own conscientious decision.  Do not be unwilling to change

11  your opinion if the discussion persuades you that you should.  But do not come to a decision

12  simply because other jurors think it is right, or change an honest belief about the weight and effect

13  of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court staff, signed by your presiding juror or by one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will communicate with any member of the jury on anything concerning the case only in writing or here in open court.

If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to me.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the court that you are ready to return to the courtroom.