UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY LONG,<br><br>    Plaintiff,<br><br>v.<br><br>AUTHENTIC ATHLETIX LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-03129-JSC<br><br>**ORDER RE: MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Re: Dkt. No. 150 |

Plaintiff Joey Long sued Authentic Athletix LLC and Peter Schaffer (together, "Defendants") for breach of contract and related claims. (Dkt. No. 53.)[1] At trial, the jury returned a verdict in favor of Plaintiff, (Dkt. No. 143), and the Court entered judgment accordingly, (Dkt. No. 144). Now pending before the Court is Defendants' renewed motion for judgment as a matter of law notwithstanding the verdict, pursuant to Federal Rule of Civil Procedure 50(b). (Dkt. No. 150.) After careful consideration of the parties briefing and the trial record, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Defendants' motion.

**DISCUSSION**

The factual background of this case is set out in detail in the Court's December 19, 2017 order denying Defendants' motion for summary judgment. (*See* Dkt. No. 87 at 1-3.) On July 10, 2018, during trial and before the case was submitted to the jury, Defendants moved for directed verdict pursuant to Rule 50(a) on the following grounds: (1) the oral agreement was barred by the statute of frauds and no exception to the statute of frauds applies; and (2) the statute of limitations

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  for breach of an oral agreement barred Plaintiff's claims. The Court denied Defendants' motion
2  and submitted the case to the jury, who found in favor of Plaintiff. After trial, Defendants filed the
3  instant motion under Rule 50(b) on the following grounds: (1) the Court lacks personal
4  jurisdiction over Defendants; (2) the statute of frauds requires the agreement at issue to be in
5  writing; (3) Plaintiff failed to set forth the necessary elements showing formation of a valid
6  contract; (4) the statute of limitations for breach of an oral contract precludes Plaintiff's claims;
7  and (5) the Court failed to admit relevant evidence by deeming the evidence inadmissible as
8  hearsay.

"A Rule 50(b) motion for judgment as a matter of law is not a freestanding motion." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). It is instead "a renewed Rule 50(a) motion." *Id.* As the Ninth Circuit has explained:

> Because it is a renewed motion, a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion. Thus, a party cannot properly raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion.

*Id.* (internal quotation marks and citations omitted). "A motion for judgment notwithstanding the verdict should not be granted unless the evidence, viewed in the light most favorable to the prevailing party, permits only one reasonable conclusion." *Cordero v. Cia Mexicana De Aviacion, S.A.*, 681 F.2d 669, 672 (9th Cir. 1982); *see also Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006) ("The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.").

Defendants' preverdict oral motion under Rule 50(a) asserted only the statute of frauds and statute of limitations for breach of an oral agreement as grounds for directed verdict. (*See* Dkt. No. 136-1 at 2.)[2] Thus, the Court may only consider those grounds in ruling on Defendants'

---

[2] Defendants submitted no briefing at trial in support of their oral, preverdict motion for directed verdict under Rule 50(a). Further, Defendants did not submit a court reporter's transcript in support of the instant Rule 50(b) motion or even a declaration of counsel. Thus, there is no evidence that Defendants even made a Rule 50(a) motion, let alone evidence of the grounds raised in the instant motion. For this reason alone, Defendants' motion could be denied. Notwithstanding Defendants' failure, the Court has reviewed the Trial Log, (Dkt. No. 136-1), and the rough transcript provided by the court reporter to confirm the grounds on which Defendants based their oral preverdict Rule 50(a) motion.

renewed motion under Rule 50(b). *See* Fed. R. Civ. P. 50 advisory committee's note to 2006 amendment ("Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion."); *see also Murphy v. City of Long Beach*, 914 F.2d 183, 186 ("[Judgment notwithstanding the verdict] is improper if based upon grounds not alleged in a directed verdict [motion]."). However, because the parties devote substantial portions of their briefing to Defendants' argument regarding personal jurisdiction, the Court addresses that argument below.

**A.  Personal Jurisdiction**

On July 5, 2016, Defendants filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). (Dkt. No. 15.) The Court denied Defendants' motion to dismiss after applying the three-pronged test set forth in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) and concluding that the Court had specific jurisdiction over Defendants. (*See* Dkt. No. 42 at 4-12.)

Defendants did not argue lack of personal jurisdiction as a defense in their motion for summary judgment. (*See* Dkt. No. 75.) Defendants did not submit a pre-trial statement of the case or other briefing addressing the issue of personal jurisdiction. At trial, Defendants' first set of proposed jury instructions did not include instructions on personal jurisdiction. (*See* Dkt. No. 117.) Defendants' supplemental proposed jury instructions also did not include instructions on personal jurisdiction. (*See* Dkt. No. 129.) Defendants did not object to the Court's proposed jury instructions, (Dkt. No. 132), or the Court's proposed verdict form, (Dkt. No. 133), on the grounds that they did not address personal jurisdiction.[3] Thus, Defendants never put Plaintiff to the burden of proving personal jurisdiction by a preponderance of the evidence. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998) (when the plaintiff prevailed on the defendants' motion to dismiss for lack of personal jurisdiction under a prima facie standard, and the

---

[3] Defendants did not file written objections to the Court's proposed instructions or verdict form, nor did Defendants submit a transcript indicating that they orally objected to same. The Court reviewed the court reporter's rough transcript from Day 3 of the trial (July 11, 2018) to confirm that Defendants did not object to the Court's proposed jury instructions based on lack of instruction regarding personal jurisdiction. Defendants did object, however, to the instruction on the statute of limitations and lack of an instruction on the affirmative defense of waiver.

3

defendants did not contest the issue any further at trial, "defendants may seek appellate review only of the issue that they actually contested below: whether or not plaintiffs made out a prima facie case for personal jurisdiction , and whether the district court was correct in denying the motion to dismiss."). Thus, Defendants' motion fails.

Further, Defendants did not argue lack of personal jurisdiction as grounds for directed verdict in their preverdict Rule 50(a) motion. Thus, Defendants cannot argue lack of personal jurisdiction in their renewed motion under Rule 50(b). *See Go Daddy Software, Inc.*, 581 F.3d at 961; Fed. R. Civ. P. 50 advisory committee's note to 2006 amendment.

### B. Statute of Frauds

Defendants argue that the statute of frauds applies to the agreement at issue because it was an oral agreement that could not be performed within one year. Specifically, because the oral agreement was for agent fees arising out of an underlying three-year employment contract between the athlete (Mr. Joey Browner) and his NFL team, "there is no way that Defendant[s] would be able to pay Plaintiff his three-year entitlement in one year because Defendant[s] would not have been given [their percentage owed under the underlying contract] within [one] year."[4] (Dkt. No. 150 at 9.)

Under California law, the statute of frauds "applies only to those contracts, *which by their terms*, cannot possibly be performed within one year." *White Lighting Co. v. Wolfson*, 68 Cal. 2d 336, 343 (1968) (emphasis added). In the employment context, the statute of frauds does not apply to "contracts for an indefinite period merely because the contract provides that payment will be forthcoming on termination of the employment relationship." *Id.* at 344. Nor does it apply to employment contracts that provide that "compensation for the [employee's] services is to be measured by their value to their employer over a period of more than one year." *Id.* In other words, an employment contract term contemplating compensation outside of one year "does not in itself convert the oral employment contract into one which by its terms cannot be performed within a year." *See id.* at 343-44 (concluding that "contractual provision that [employee] would

---

[4] Defendants did not submit as evidence during trial the underlying contract between Authentic Athletix LLC and Mr. Browner.

4

receive one percent of the annual gross sales of [employer] exceeding one million dollars per year" did not put the oral contract within the statute of frauds).

The Court's previous order denying Defendants' motion for summary judgment, (Dkt. No. 87 at 6-8), rejected the same argument based on the statute of frauds, and the evidence proffered at trial does not change the Court's earlier conclusion on that score. Viewing the evidence in the light most favorable to Plaintiff, his employment contract with Defendants could have been performed within one year; that is, it was an at-will agreement that could be terminated by either side at any time. Even if, as Defendants argue, Plaintiff believed he would still be entitled to 40% of what Defendants received from Mr. Browner outside of the first year, that does not mean the contract cannot be performed within a year and thus falls within the statute of frauds. *See White Lighting Co.*, 68 Cal. 2d at 344 ("Since . . . the alleged oral contract may be terminated at will be [sic] either party, it can, under its terms, be performed within one year. When [plaintiff's] employment relationship with [defendant] was terminated, [plaintiff] had completely performed; [defendant's] performance consisted of nothing more than compensating [plaintiff].").

Based on the evidence presented at trial, a reasonable-trier-of fact could find that the oral agreement between Plaintiff and Defendants could have been performed within one year because there was no evidence demonstrating that *by the terms of the agreement* it could not "possibly be performed within one year." *Id.* at 343. Mr. Browner *could* have ceased paying agent fees to Defendants, and Plaintiff or Defendants *could* have terminated their employee-employer relationship at any time. Further, Defendants proffered no evidence at trial from which the Court could conclude that the statute of frauds was otherwise applicable and barred Plaintiff's claims.

Accordingly, the Court denies Defendants' Rule 50(b) motion on the asserted statute of frauds grounds.

### C. Statute of Limitations

Defendants' motion sets forth the following argument regarding application of the statute of limitations for breach of an oral contract:

> Defendants raised the SOL affirmative defense [at trial] and the trial court instructed the jury on the SOL defense, however, nowhere on the jury verdict form was there a place for the jury to decide on the

5

> defense. Being that part, if not the whole lawsuit, is subject to invalidation on the grounds of the SOL, it is clear error for the court to have omitted any mention of the SOL defense on the jury verdict form.

(Dkt. No. 150 at 12-13.) First, Defendants did not object to the Court's proposed verdict form, nor did Defendants submit their own proposed form before or during trial. Thus, Defendants waived any objection to the verdict form "by failing to raise [it] until after the jury had rendered its verdict and was discharged." *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001) (holding that defendant waived its objections to the verdict form itself by not objecting prior to the jury's dismissal). Second, the verdict form asked the jury if it found that the agreement was "founded upon a written instrument." (Dkt. No. 143 at 1.) The jury answered affirmatively. (*Id.*) Thus, the two year statute of limitations for breach of an oral agreement did not apply. If the jury had found differently and determined that the agreement was *not* founded upon a written instrument, the Court would have applied the statute of limitations for breach of an oral contract and barred any recovery for damages prior to June 8, 2014. The Court told the parties as much outside the presence of the jury when it denied Defendants' motion for directed verdict on July 10, 2018.[5]

Defendants further argue that "the court used the date of the amended compliant [sic] of December 2016, rather that [sic] than of the original complaint as the actual filing" for statute of limitations purposes. (*Id.* at 12.) Defendants are wrong. The jury instructions clearly state that to succeed on their statute of limitations defense, Defendants were required to "prove that the agreement was not founded upon an instrument in writing, and that the agreement was breached before *June 8, 2014*." (Dkt. No. 134 at 20.)

Viewing the evidence in the light most favorable to Plaintiff, a reasonable trier-of-fact could find that the agreement was founded upon a written instrument based on emails between Plaintiff and Mr. Schaffer in September 2011 and February 2012. (Trial Exs. 3, 15, 58, 78.) For an action to be founded upon an instrument in writing, the writing at issue must "contain a contract to do the thing for the nonperformance of which the action is brought." *E.O.C. Ord, Inc.*

---

[5] The Court has reviewed the court reporter's rough transcript for Day 2 of the trial (July 10, 2018).

*v. Kovakovich*, 200 Cal. App. 3d 1194, 1199 (Cal. Ct. App. 1988) (internal quotation marks and citation omitted). "In other words, the writing must contain the terms of the contract. It cannot be only remotely or indirectly connected with the transaction or only a link in the chain establishing the cause of action." *Id.* A contract need not be signed to be considered "in writing" for statute of limitations purposes; instead, a written offer may be accepted orally or by acceptance of performance. *Amen v. Merced Cty. Title Co.*, 58 Cal. 2d 528, 532 (1962); *see also E.O.C. Ord, Inc.*, 200 Cal. App. 3d at 1201.

On September 13, 2011, Plaintiff emailed Mr. Schaffer, stating in pertinent part: "I will accept 40% on Brandon Browner being that I single handedly recruited him, housed him and invested into his travel and living expenses." (Trial Ex. 3.) Mr. Schaffer replied, in pertinent part: "Tuesdays are crazy. Let's talk tonight." (*Id.*) On February 8, 2012, Mr. Schaffer emailed Plaintiff, stating in pertinent part:

> [Brandon Browner] syas [sic] he is sending check tonight. here is the math – for your commissions etc.
>
> Amoutn [sic] being sent $11,250
>
> ***Forty percent for you*** is $4,500 minus your expenses and by the way I am not charging you unless you want me to ***40%*** on the 900$ pro bowl dinner. You want to pay ***40%*** on that then I will send you elss [sic].

(Trial Ex. 15) (emphasis added.) A reasonable trier-of-fact could find that Plaintiff's September 2011 email demanding 40% of Brandon Browner's agent fees constituted an offer in writing. A reasonable trier-of-fact could also find from Defendants' subsequent conduct in expressly paying Plaintiff 40% of Brandon Browner's fees that Defendants accepted Plaintiff's offer. Thus, it was not unreasonable for the jury to find that the agreement between Plaintiff and Mr. Schaffer was founded upon a written instrument.

Accordingly, the Court denies Defendants' Rule 50(b) motion on the asserted statute of limitations grounds.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' Rule 50(b) motion for judgment as a matter of law notwithstanding the verdict.

This Order disposes of Docket No. 150.

**IT IS SO ORDERED.**

Dated: October 9, 2018

                                                                            JACQUELINE SCOTT CORLEY
                                                                           United States Magistrate Judge