UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY LONG,<br><br>    Plaintiff,<br><br>v.<br><br>AUTHENTIC ATHLETIX LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-03129-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPEAL BOND**<br><br>Re: Dkt. No. 160 |

Plaintiff Joey Long sued Authentic Athletix LLC and Peter Schaffer (together, "Defendants") for breach of contract and related claims. (Dkt. No. 53.)[1] At trial, the jury returned a verdict in favor of Plaintiff, (Dkt. No. 143), and the Court entered judgment accordingly, (Dkt. No. 144). Defendants subsequently appealed to the Ninth Circuit this Court's October 14, 2016 order denying defendants' motion to dismiss for lack of personal jurisdiction, (Dkt. No. 42), and this Court's July 13, 2018 judgment in favor of Plaintiff, (Dkt. No. 144). (*See* Dkt. No. 161.) Now pending before the Court is Plaintiff's motion for an appeal bond pursuant to Federal Rule of Appellate Procedure 7. (Dkt. No. 160.) After careful consideration of the parties' briefing and the trial record, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Plaintiff's motion.

**LEGAL STANDARD**

Federal Rule of Appellate Procedure 7 provides that a district court "may require an appellant to file a bond or provide other security in any form necessary to ensure payment of costs on appeal." The Ninth Circuit has held that the term "costs" includes the costs specified in Federal Rule of Appellate Procedure 39, but does not include attorneys' fees unless "an applicable fee-

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

shifting statute includes them in its definition of recoverable costs, and only if the appellee is eligible to recover such fees."[2] *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). Rule 39 lists the following costs on appeal as covered under the rule: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e).

An appeal bond functions to "protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012) (internal quotation marks and citation omitted). "[T]he need for a bond, as well as its amount, are left in the discretion of the trial court." *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (citing Fed. R. App. P. 7, 1979 advisory committee notes)

## DISCUSSION

District courts in this circuit apply following factors in considering the necessity of an appeal bond: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the [appellant] loses; and (3) the [appellant's likelihood of success on the] merits of the appeal." *Embry*, 2012 WL 2055030, at *1; *see also Fleury*, 2008 WL 4680033, at *7 (applying the same factors); *Figure Eight Holdings, LLC v. Dr. Jays, Inc.*, 534 Fed. App'x 670 (9th Cir. 2013) (affirming district court's imposition of an appeal bond under the same factors). Plaintiff insists that these factors warrant an appeal bond "in an amount that the Court finds appropriate." (Dkt. No. 160 at 5-8.) The Court agrees.

**I.    Need for Bond**

    **A.    Defendants' Financial Ability to Post a Bond**

Defendants do not contest that they have the financial ability to post a bond if so ordered. (Dkt. No. 163 at 3.) Thus, this factor weighs in favor of an appeal bond.

    **B.    Risk Defendants Would Not Pay**

---

[2] Plaintiff does not argue that a fee-shifting statute applies here.

"Courts in this district have recognized the difficulty and risk associated with collecting costs from out-of-state appellants." *Gonzales v. City of Antioch*, No. 14-cv-04728-KAW, 2016 WL 631992, at *2 (N.D. Cal. Feb. 17, 2016) (internal quotation marks and citation omitted) (collecting cases). Further, "[t]his issue may be weighed more heavily when an appellant lives outside the jurisdiction of the Ninth Circuit." *Id.* (internal quotation marks and citation omitted).

Here, Defendants are not California residents, nor do they reside in a state within the Ninth Circuit. Thus, it would arguably be "more difficult for [Plaintiff] to collect [his] costs should [he] prevail on the appeal." *See Fleury*, 2008 WL 4680033, at *7; *see also Embry*, 2012 WL 2055030, at *1 (finding second factor "weigh[ed] in favor of requiring a bond" where appellant "reside[d] outside of the jurisdiction of the Ninth Circuit"). Accordingly, this factor also weighs in favor of an appeal bond.

### C. Merits of Appeal

The Court must finally consider the merits of Defendants' appeal. As noted in the Court's October 9, 2018 order denying Defendants' renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), Defendants did not "put Plaintiff to the burden of proving personal jurisdiction by a preponderance of the evidence" subsequent to the Court's denial of Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). (Dkt. No. 157 at 3.) In such circumstances the Ninth Circuit has held that "defendants may seek appellate review only of the issue that they actually contested below: whether or not plaintiffs made out a prima facie case for personal jurisdiction, and whether the district court was correct in denying the motion to dismiss." *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998). The Court sees no reason why its initial determination regarding Plaintiff's prima facie showing of personal jurisdiction is incorrect, and Defendants' arguments regarding the merits of their appeal and the applicability of the United States Supreme Court's decision in *Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017) do not change the Court's view. Thus, this factor weighs in favor of a bond.

## II. Bond Amount

Having determined that a bond is appropriate, the Court must next determine the amount of

the bond. Plaintiff provides no guidance on this score, nor does Plaintiff provide a list of anticipated costs. The Court is thus guided by the type of appellate costs listed under Rule of Appellate Procedure 39(e) (i.e., preparation of the record, the reporter's transcript, and filing fees). Upon review of bond amounts recently ordered by district courts in this circuit, a bond in the amount of $1,000 is adequate. *See Barrera v. Pharmavite LLC*, No. 11-cv-04153-CAS, 2018 WL 1115224, *2 (C.D. Cal. Feb. 26, 2018) (finding $2,500 in appellate costs under Rule 39(e) appropriate in class action); *Cody v. SoulCycle, Inc.*, No. CV 15-06457-MWF, 2017 WL 8811115, at *2 (C.D. Cal. Dec. 7, 2017) (finding $1,000 bond reasonable for anticipated costs under Rule 39(e)); *Edwards v. Nat'l Milk Producers Fed'n*, No. 11-cv-04766-JSW, 2017 WL 4581926, at *6 (N.D. Cal. Sept. 13, 2017) (requiring appellants to post bond in the amount $1,000 per appellant for "anticipated appellate costs."); *Low v. Trump University*, LLC, No. 10-cv-00940-GPC-WVG, 2017 WL 2655300, at *3 (S.D. Cal. June 19, 2017) (finding $500 bond appropriate for Rule 39(e) costs in class action); *Bickley v. Schneider Nat'l, Inc.*, No. 08-cv-05806-JSW, 2016 WL9114937, at *5 (finding $1,000 bond reasonable for anticipated appellate costs); *Lerma v. Schiff Nutrition Int'l, Inc.*, No. 11-cv-1056-MDD, 2016 WL 773219, at *4 (S.D. Cal. Feb. 29, 2016) (finding $2,500 bond reasonable for anticipated appellate costs in class action); *Gonzales*, 2016 WL 631992, at *3 (finding $250 bond appropriate for anticipated appellate costs).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion. Defendants shall post an appeal bond in the amount of $1,000.

**IT IS SO ORDERED.**

Dated: November 26, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge